**☐ ORIGINAL**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 4/4/08

| | |
|---|---|
| RYAN LESSEM and DOUGLAS JOHNSON, | CASE NO. 07-CV-10601 |
| Plaintiffs, | **SCHEDULING ORDER** |
| v. | |
| JAYCEON TERRELL TAYLOR p/k/a THE GAME, et al., | |
| Defendants. | |

On April 4, 2008, upon notice, an Initial Case Management Conference was held before the undersigned.

1. **Appearances.** The following individuals appeared at the conference:

   Oren J. Warshavsky          Christine Lepera, P.C.
   Troutman Sanders LLP        Mitchell Silberberg & Knupp LLP

   Counsel to Plaintiffs       Counsel to Named Defendants Windswept
                               Holdings, LLC, d/b/a Music of Windswept
                               (sued incorrectly as Music Of Windswept),
                               UMG Recordings, Inc., Interscope Records, a
                               Division of UMG Recordings, Inc. (sued
                               incorrectly as Interscope Records, Inc.) and
                               Universal Music Publishing Group, Inc. (sued
                               incorrectly as Universal Music Group Inc. and
                               Universal Music Corporation)

2. **Concise Statement of Issues.** This is a case of alleged copyright infringement. Plaintiffs' claim that they authored a composition entitled "Elevator," which is allegedly infringed by Defendants' claimed exploitation of a composition entitled "How We Do," entitling Plaintiffs to alleged damages. None of the Defendants' time to respond to the complaint has expired, and Plaintiffs have yet to serve certain of the named Defendants. The liability issues to be determined are whether plaintiffs have a valid copyright in the composition "Elevator" which allegedly predates the creation of "How We Do"; whether Defendants' "copied" protectible expression from that composition, which requires Plaintiffs to prove that Defendants had access to Plaintiffs' composition "How We Do" and that there are similarities probative of copying between the two compositions, and that the two compositions are substantially similar resulting in wrongful misappropriation of protectible expression. By way of defense, Defendants, among other things, may establish that the composition "How We Do" was independently created without reference to the Plaintiffs' work. Separate from the liability issues, any damages may be

1795381 2

determined by evidence as to what portion, if any of Defendants' profits are attributable to any infringement, which includes among other things evidence as to the allocation and apportionment of those profits.

3. **Scheduling:**

   a. **Liability Depositions.** Plaintiffs anticipate that it will need at least one deposition of each defendant. ( although defendants reserve the right to challenge multiple depositions of a single party defendant.) Defendants will seek a deposition of each plaintiff. The parties may seek third party depositions of individuals who may be identified as having knowledge or information as to the creation of the two compositions at issue, or alleged access by defendants to the Plaintiffs' composition. The parties anticipate conducting depositions after documents have been exchanged.

   b. **Production of Liability Documents and Initial Disclosures.** Plaintiffs and Defendants served shall make their initial disclosures by **May 15, 2008.** A party's first request for production of liability documents must be served by **May 30, 2008**. Further liability document requests and interrogatories may be served until **August 1, 2008**.

   c. **Experts.** Plaintiffs' liability expert report(s) shall be served by **August 15, 2008**, and Defendants' liability expert report(s) shall be served by **October 1, 2008**. To the extent that Defendants' liability expert report raises issues not raised by Plaintiffs' expert report, Plaintiffs may submit a rebuttal expert report, which shall be served on or before **October 17, 2008**.* All liability expert depositions shall be completed by **November 20, 2008**. All liability fact and expert discovery shall be completed by **November 20, 2008**.

   d. **Dispositive motions:** ~~Either party may move for summary judgment~~. Any such motion shall be made no later than **December 31, 2008.** It is the parties' intent to reduce resources by employing experts on the issue of damages, and conducting expert discovery on the issue of damages only after the parties move, or decide to refrain from moving for summary judgment. Accordingly, following a determination on such a motion, in the event the case proceeds, or in the event no motion is made at the conclusion of liability discovery, the parties will complete any remaining damages discovery, including expert discovery on the issue of damages only, within **90 days** of the order on the motion, or by **April 30, 2009**, as applicable, and the parties shall work out a schedule as to the exchange of damages expert reports in the same order as the liability reports. Plaintiffs will submit a proposed pre-trial order to Defendants **30 days** after the conclusion of damages fact and expert discovery.

LLS [handwritten margin initial next to (d)]

2

* If Plaintiffs' expert offers new bases for or further bases for his opinions or identifies new information in the rebuttal, Defendants' expert shall be permitted a rebuttal report by November 5, 2008.

1795381.2

    e.    Within **30 days** thereafter, the parties will submit a joint pre-trial order in a form conforming to the Court's instructions together with trial briefs and: (1) proposed findings of fact and conclusions of law for a non jury trial, or (2) proposed voir dire questions and proposed jury instructions for a jury trial.

    f.    The final pre-trial conference pursuant to Fed. R. Civ. P. 16(d) shall be set by the Court at a status conference held at the conclusion of liability dicovery, and that status conference will be set at __11:30 A M__ at _____ am/pm. *Friday December 5, 2008*    LLS

4.   **Discovery Limitations.** To the extent that any of the parties believe that the exchange of confidential information will occur, the parties shall request the Court to enter a jointly approved protective order.

5.   **Areas of Discovery Disputes.** At this time, the parties are unaware of any potential discovery disputes.

6.   **Anticipated Areas of Expert Testimony.** The parties expect that expert testimony will be proffered on the issues of copyright infringement (i.e. substantial similarity) and damages.

7.   **Anticipated Length of Trial** The Plaintiffs have requested a jury trial. The anticipated length of the trial is one week.

8.   This Scheduling Order may be altered or amended upon the service/appearance of other defendants or on a showing of good cause not foreseeable at the time of the conference or when justice so requires.

9.   **Signatures of Counsel.**

| | |
|---|---|
| Oren J. Warshavsky | Christine Lepera, P.C. |
| Troutman Sanders LLP | Mitchell Silberberg & Knupp LLP |
| Counsel to Plaintiffs | Counsel to Defendants Windswept Holdings, LLC, d/b/a Music of Windswept (sued incorrectly as Music Of Windswept), UMG Recordings, Inc., Interscope Records, a Division of UMG Recordings, Inc. (sued incorrectly as Interscope Records, Inc.) and Universal Music Publishing Group, Inc. (sued incorrectly as Universal Music Group Inc. and Universal Music Corporation) |

1795381 2

SO ORDERED:

Dated: New York, New York
       April 4, 2008

                                               _/s/ Louis L. Stanton_
                                               Louis J. Stanton
                                               U.S.D.J.

1795381 2