UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RYAN LESSEM and DOUGLAS JOHNSON,<br><br>      Plaintiffs,<br><br>    v.<br><br>JAYCEON TERRELL TAYLOR p/k/a THE GAME, UMG RECORDINGS, INC., UNIVERSAL MUSIC GROUP, INC., INTERSCOPE RECORDS, INC., LASTRADA ENTERTAINMENT COMPANY, LTD., SONY/ATV MUSIC PUBLISHING, LLC, UNIVERSAL MUSIC CORPORATION, WARNER CHAPPELL MUSIC INC., MUSIC OF WINDSWEPT, BLACK WALL STREET RECORDS, LLC and BLACK WALL STREET PUBLISHING, LLC,<br><br>      Defendants. | CASE NO. 07 CV-10601<br><br><br>**ANSWER TO THE COMPLAINT BY WINDSWEPT HOLDINGS, LLC d/b/a MUSIC OF WINDSWEPT** |

Defendant Windswept Holdings, LLC, d/b/a Music of Windswept (sued incorrectly as Music of Windswept) ("Windswept") submits the following answer to the Complaint. With respect to the allegations set forth in the Complaint Windswept:

1.     States that Paragraph 1 of the Complaint sets forth legal conclusions that do not require a response. To the extent that Paragraph 1 sets forth any factual allegations, Windswept denies those allegations.

2.     States that Paragraph 2 of the Complaint sets forth legal conclusions that do not require a response, except admits that the Plaintiffs contend that the jurisdiction of the Court is proper.

3.     States that Paragraph 3 of the Complaint sets forth legal conclusions that do not require a response, except admits that the Plaintiffs contend that venue in this Court is proper.

4.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 4 of the Complaint.

5.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 5 of the Complaint.

6.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 6 of the Complaint except admits, upon information and belief, that Jayceon Taylor p/k/a The Game is an individual.

7.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 7 of the Complaint.

8.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 8 of the Complaint.

9.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 9 of the Complaint.

10.    Denies  knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 10 of the Complaint.

11.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 11 of the Complaint.

12.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 12 of the Complaint.

13.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 13 of the Complaint.

1812078.3

14.    Denies the allegations set forth in Paragraph 14 of the Complaint except admits that Windswept Holdings, LLC is a California limited liability corporation, which does business as Music of Windswept, with its principal place of business located at 7750 Sunset Blvd., Los Angeles, CA 90046.

15.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 15 of the Complaint.

16.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 16 of the Complaint.

17.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 17 of the Complaint.

18.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 18 of the Complaint.

19.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 19 of the Complaint.

20.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 20 of the Complaint except admits that Plaintiffs purport to have obtained a copyright registration from the U.S. Copyright Office.

21.    In response to Paragraph 21 of the Complaint, repeats and realleges its responses to Paragraphs 1-20 as if fully set forth herein.

22.    States that Paragraph 22 of the Complaint sets forth legal conclusions that do not require a response. To the extent that Paragraph 22 sets forth any factual allegations, Windswept denies those allegations.

3

1812078.3

23.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 23 except admits, upon information and belief, that an album of recorded music entitled "The Game: The Documentary," containing the recorded performances of the artist Jayceon Taylor, p/k/a "The Game," was released on the Interscope record label in 2005.

24.    Admits, upon information and belief,  the allegations set forth in Paragraph 24 of the Complaint.

25.    Admits, upon information and belief, the allegations set forth in Paragraph 25 of the Complaint.

26.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 26 of the Complaint.

27.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 27 of the Complaint, except admits, upon information and belief, that the album "The Documentary" continues to be sold.

28.    Denies the allegations set forth in Paragraph 28 of the Complaint.

29.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 29 of the Complaint.

30.    Denies the allegations set forth in Paragraph 30 of the Complaint.

31.    Denies the allegations set forth in Paragraph 31 of the Complaint.

32.    Denies the allegations set forth in Paragraph 32 of the Complaint.

33.    Denies the allegations set forth in Paragraph 33 of the Complaint.

4

1812078.3

34.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 34 of the Complaint.

35.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 35 of the Complaint.

36.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 36 of the Complaint as they relate to the other Defendants, except admits that Windswept did not seek permission from Plaintiffs to use any of Plaintiffs' material and avers that no such permission was necessary.

37.   Denies knowledge or information as to the truth of the allegations set forth in Paragraph 37 of the Complaint, except admits that Windswept receives publishing income from the exploitation of "How We Do."

38.   Admits the allegations set forth in Paragraph 38 of the Complaint.

39.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 39 of the Complaint.

40.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 40 of the Complaint, except denies the allegation that "How We Do" is derivative of the Plaintiffs' composition.

41.   Denies the allegations set forth in Paragraph 41 of the Complaint.

42.   Denies the allegations set forth in Paragraph 42 of the Complaint.

43.   Denies the allegations set forth in Paragraph 43 of the Complaint.

5

## AFFIRMATIVE AND OTHER DEFENSES

### FIRST DEFENSE

44.    The Complaint and all purported claims for relief therein fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

45.    Plaintiffs' Complaint and any claim therein is barred, precluded, and /or limited by the statute of limitations.

### THIRD DEFENSE

46.    Plaintiffs have no standing to assert their Complaint and any claim therein.

### FOURTH DEFENSE

47.    The alleged copyrighted work that is the subject of this Complaint consists of material that is neither original to Plaintiffs nor protectible copyrightable subject matter.

### FIFTH DEFENSE

48.    Plaintiffs' Complaint and any claims therein are barred, precluded, and or limited by the doctrines of waiver, laches, and estoppel.

### SIXTH DEFENSE

49.    Plaintiffs' Complaint and any claims therein are barred, precluded, and/or limited to the extent any alleged use of Plaintiffs' copyrightable material constitutes fair use or *de minimis* use.

### SEVENTH DEFENSE

50.    Plaintiffs' alleged damages, if any, are due solely to acts and omissions that are not those of and are independent from Windswept.

6

1812078.3

## EIGHTH DEFENSE

51.    Plaintiffs have failed to mitigate any alleged damages.

## NINTH DEFENSE

52.    Plaintiffs' Complaint and any claims therein are barred by the doctrines of acquiescence and unclean hands.

## TENTH DEFENSE

53.    The composition  and recording of "How We Do" were independently created without reference to Plaintiffs' alleged copyrighted work.

## ELEVENTH DEFENSE

54.    Any similarity between the two compositions is the result of coincidence and/or the use of common or trite ideas.

## TWELFTH DEFENSE

55.    Plaintiffs have not stated any claim for willful infringement and none exists.

WHEREFORE, Windswept respectfully submits that the Complaint should be dismissed and that judgment should be entered in its favor, and that it be awarded its costs, including reasonable attorney's fees incurred in the defense of this action pursuant to 17 U.S.C. Section 505.

7

1812078.3

Dated: New York, New York
     April 30, 2008

MITCHELL SILBERBERG & KNUPP LLP

By: Christine Lepera

Christine Lepera
12 East 49th Street, 30th Floor
New York, New York 10017-1028
Telephone: (212) 509-3900
Facsimile: (212) 509-7239

*Attorneys for Defendants UMG
Recordings, Inc., Interscope Records, a
division of UMG Recordings, Universal
Music Publishing Group, Inc., and
Windswept Holdings, LLC d/b/a Music
of Windswept*

8

1812078.3