UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RYAN LESSEM and DOUGLAS JOHNSON,<br><br>    Plaintiffs,<br><br>    v.<br><br>JAYCEON TERRELL TAYLOR p/k/a THE<br>GAME, UMG RECORDINGS, INC.,<br>UNIVERSAL MUSIC GROUP, INC.,<br>INTERSCOPE RECORDS, INC., LASTRADA<br>ENTERTAINMENT COMPANY, LTD.,<br>SONY/ATV MUSIC PUBLISHING, LLC,<br>UNIVERSAL MUSIC CORPORATION,<br>WARNER CHAPPELL MUSIC INC., MUSIC<br>OF WINDSWEPT, BLACK WALL STREET<br>RECORDS, LLC and BLACK WALL<br>STREET PUBLISHING, LLC,<br><br>    Defendants. | CASE NO. 07 CV-10601<br><br><br>**ANSWER TO THE COMPLAINT BY UMG<br>RECORDINGS, INC., INTERSCOPE<br>RECORDS, A DIVISION OF UMG<br>RECORDINGS, INC. AND UNIVERSAL<br>MUSIC PUBLISHING GROUP INC.** |

    Defendants UMG Recordings, Inc. ("UMG"), Interscope Records, a division of UMG

Recordings, Inc. (sued incorrectly as Interscope Records, Inc.) and  Universal Music Publishing

Group Inc. ("UMPG", sued incorrectly as Universal Music Corporation and Universal Music

Group, Inc.) (collectively the "Universal Defendants") submit the following answer to the

Complaint.  With respect to the allegations set forth in the Complaint the Universal Defendants:

    1.    State that Paragraph 1 of the Complaint sets forth legal conclusions that do not

require a response.  To the extent that Paragraph 1 sets forth any factual allegations, the

Universal Defendants deny those allegations.

    2.    State that Paragraph 2 of the Complaint sets forth legal conclusions that do not

require a response, except admit that the Plaintiffs contend that the jurisdiction of the Court is

proper.

3.      State that Paragraph 3 of the Complaint sets forth legal conclusions that do not require a response, except admit that the Plaintiffs contend that venue in this Court is proper.

4.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 4 of the Complaint.

5.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 5 of the Complaint.

6.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 6 of the Complaint except admit, upon information and belief, that Jayceon Taylor p/k/a The Game is an individual who resides in California.

7.      Admit the allegations set forth in Paragraph 7 of the Complaint.

8.      Deny the allegations set forth in Paragraph 8 of the Complaint, except admit that Universal Music Publishing Group Inc. (sued incorrectly as Universal Music Corporation and/or Universal Music Group, Inc.) is a Delaware corporation with a principal place of business located at 2440 Sepulveda Blvd., Suite 100, Los Angeles, CA 90064.

9.      Deny the allegations set forth in Paragraph 9 of the Complaint, except admit that Interscope Records is a division of UMG Recordings Inc., with a principal place of business located at 2220 Colorado Avenue, Santa Monica, CA 90064.

10.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 10 of the Complaint.

11.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 11 of the Complaint.

2

12. Deny the allegations set forth in Paragraph 12 of the Complaint, except admit that Universal Music Publishing Group Inc. (sued incorrectly as Universal Music Corporation and/or Universal Music Group, Inc.) is a Delaware corporation with a principal place of business located at 2440 Sepulveda Blvd., Suite 100, Los Angeles, CA 90064.

13. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 13 of the Complaint.

14. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 14 of the Complaint.

15. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 15 of the Complaint.

16. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 16 of the Complaint.

17. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 17 of the Complaint, except admit that the Universal Defendants are authorized to transact and transact business in the State of New York.

18. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 18 of the Complaint.

19. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 19 of the Complaint.

20. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 20 of the Complaint, except admit that Plaintiffs purport to have obtained a copyright registration.

3

1812078.2

21.     In response to Paragraph 21 of the Complaint, repeat and reallege their responses to Paragraphs 1-20 as if fully set forth herein.

22.     State that Paragraph 22 of the Complaint sets forth legal conclusions that do not require a response. To the extent that Paragraph 22 sets forth any factual allegations, the Universal Defendants deny those allegations.

23.     Deny the allegations set forth in Paragraph 23 of the Complaint, except admit that in January 2005 UMG, through its division Interscope Records, released an album of recorded music entitled "The Game: The Documentary", containing the recorded performances of the artist Jayceon Taylor, p/k/a "The Game".

24.     Admit the allegations set forth in Paragraph 24 of the Complaint.

25.     Admit the allegations set forth in Paragraph 25 of the Complaint.

26.     Deny the allegations set forth in Paragraph 26 of the Complaint, except admit that a recording of the composition entitled "How We Do" from the album "The Documentary" was released by UMG, through its division Interscope Records, in or about February 2005.

27.     Deny the allegations set forth in Paragraph 27 of the Complaint, except admit that the album "The Documentary" has been sold and continues to be sold by UMG, through its division Interscope Records, in the United States and elsewhere.

28.     Deny the allegations set forth in Paragraph 28 of the Complaint.

29.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 29 of the Complaint.

30.     Deny the allegations set forth in Paragraph 30 of the Complaint.

31.     Deny the allegations set forth in Paragraph 31 of the Complaint.

4

1812078.2

32.    Deny the allegations set forth in Paragraph 32 of the Complaint.

33.    Deny the allegations set forth in Paragraph 33 of the Complaint.

34.    Deny the allegations set forth in Paragraph 34 of the Complaint, except admit that UMG, through its division Interscope Records, authorized the manufacture and sale of the album "The Documentary".

35.    Deny the allegations set forth in Paragraph 35 of the Complaint, except admit that UMG has the right to record, manufacture, and release the recorded performances of Taylor, including of "How We Do," on the album "The Documentary."

36.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 36 as they relate to the other Defendants, except admit that the Universal Defendants did not seek permission from Plaintiffs to use any of Plaintiffs' material and aver that no such permission was necessary.

37.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 37 of the Complaint, except admit that UMPG receives publishing income from the exploitation of "How We Do."

38.    Admit the allegations set forth in Paragraph 38 of the Complaint.

39.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 39 of the Complaint.

40.    Deny knowledge or information sufficient to form a belief as to the truth of  the allegations set forth in Paragraph 40 of the Complaint, except deny the allegation that "How We Do" is derivative of the Plaintiffs' alleged composition.

41.    Deny the allegations set forth in Paragraph 41 of the Complaint.

5

1812078 2

42.     Deny the allegations set forth in Paragraph 42 of the Complaint.

43.     Deny the allegations set forth in Paragraph 43 of the Complaint.

## AFFIRMATIVE AND OTHER DEFENSES

### FIRST DEFENSE

44.     The Complaint and all purported claims for relief therein fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

45.     Plaintiffs' Complaint and any claim therein is barred, precluded, and/or limited by the statute of limitations.

### THIRD DEFENSE

46.     Plaintiffs have no standing to assert their Complaint and any claim therein.

### FOURTH DEFENSE

47.     The alleged copyrighted work that is the subject of this Complaint consists of material that is neither original to Plaintiffs nor protectible copyrightable subject matter.

### FIFTH DEFENSE

48.     Plaintiffs' Complaint and any claims therein are barred, precluded, and/or limited by the doctrines of waiver, laches, and estoppel.

### SIXTH DEFENSE

49.     Plaintiffs' Complaint and any claims therein are barred, precluded, and/or limited to the extent any alleged use of Plaintiffs' copyrightable material constitutes fair use or *de minimis* use.

6

1812078.2

### SEVENTH DEFENSE

50.    Plaintiffs' alleged damages, if any, are due solely to acts and omissions that are not those of and are independent from the Universal Defendants.

### EIGHTH DEFENSE

51..    Plaintiffs have failed to mitigate any alleged damages.

### NINTH DEFENSE

52.    Plaintiffs' Complaint and any claims therein are barred by the doctrines of acquiescence and unclean hands.

### TENTH DEFENSE

53.    The composition and recording of "How We Do" were independently created without reference to Plaintiffs' alleged copyrighted work.

### ELEVENTH DEFENSE

54.    Any similarity between the two compositions is the result of coincidence and/or the use of common or trite ideas.

### TWELFTH DEFENSE

55.    Plaintiffs have not stated any claim for willful infringement and none exists.

WHEREFORE, the Universal Defendants respectfully submit that the Complaint should be dismissed and that judgment should be entered in their favor, and they be awarded their costs, including reasonable attorney's fees incurred in the defense of this action pursuant to 17 U.S.C. Section 505.

7

Dated:  New York, New York
        April 30, 2008

MITCHELL SILBERBERG & KNUPP LLP

By: _Christine Lepera_
    Christine Lepera
    12 East 49th Street, 30th Floor
    New York, New York 10017-1028
    Telephone: (212) 509-3900
    Facsimile: (212) 509-7239

*Attorneys for Defendants UMG
Recordings, Inc., Interscope Records, a
division of UMG Recordings, Inc.,
Universal Music Publishing Group Inc.,
and Windswept Holdings, LLC d/b/a
Music of Windswept*

8

1812078.2