# EXHIBIT T

1

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------X

RYAN LESSEM AND DOUGLAS JOHNSON,

                    Plaintiffs,

       -against-   Case No. 07 CV 10601

JAYCEON TERRELL TAYLOR, et al.,

                    Defendants.

-------------------------------------------X

               1345 Avenue of the Americas

               New York, New York

               June 12, 2009

               10:22 A.M.

          DEPOSITION of BLACK WALL STREET

RECORDS, LLC and BLACK WALL STREET

PUBLISHING, LLC, by JOHN DASH, taken

pursuant to the Federal Rules of Civil

Procedure, and Notice, Order and Agreement,

held at the above-mentioned time and place

before Edward Leto, a Notary Public of the

State of New York.

2

```
1
2     A P P E A R A N C E S:
3
      ROBINSON BROG LEINWAND GREENE GENOVESE
4     & GLUCK P.C.
            Attorneys for Plaintiffs
5           1345 Avenue of the Americas
            New York, New York 10105
6     BY:   GARY ADELMAN, ESQ.
                  -and-
7           DANIEL ZOHNY, ESQ.
8     MITCHELL SILBERBERG & KNUPP LLP
            Attorneys for UMG Recordings,
9           Inc., Interscope Records, a
            division of UMG Recordings, Inc.,
10          Windswept Holdings LLC, d/b/a
            Music of Windswept, and Universal
11          Music Publishings Group, Inc.
            12 East 49th Street
12          New York, New York 10017
      BY:   JEFFREY M. MOVIT, ESQ.
13
      MARK A. SAMUEL, P.C.
14          Attorneys for Black Wall Street
            Records, LLC and Black Wall
15          Street Publishing, LLC
            60 East 42nd Street
16          New York, New York 10165
      BY:   MARK A. SAMUEL, ESQ.
17
18
19
20
21
22
23
24
25
```

3

1

2              IT IS HEREBY STIPULATED AND

3    AGREED by and among counsel for the

4    respective parties hereto, that the filing,

5    sealing and certification of the within

6    deposition shall be and the same are hereby

7    waived;

8              IT IS FURTHER STIPULATED AND

9    AGREED that all objections, except to the

10   form of the question, shall be re served to

11   the time of the trial;

12             IT IS FURTHER STIPULAT ED AND

13   AGREED that the within deposition may be

14   signed before any Notary Public w ith the

15   same force and effect as if signe d and sworn

16   to by the Court.

17

18

19

20

21

22

23

24

25

4

1                          J. Dash

2    J O H N    D A S H, having first been duly

3    sworn by a Notary Public of the State of New

4    York, was examined and testified as follows:

5    EXAMINATION BY

6    MR. ADELMAN:

7         Q.    Please state your name for the

8    record.

9         A.    John Dash.

10        Q.    What is your address?

11        A.    60 East 42nd Street, suite 1523,

12   New York, New York 10165.

13             MR. MOVIT:    For purposes of

14        clarity, which of your two notices are

15        we going forward with first?

16             MR. ADELMAN:   I was going to

17        suggest that we handle the depositions

18        together.  I will delineate whether I'm

19        asking him a question about  Black Wall

20        Street Records or Black Wall  Street

21        Publishing.  If you prefer,  I can ask

22        the same questions twice.

23             MR. MOVIT:    No.  I just wanted

24        to clear the record about which, but

25        that's fine.

**Precise Court Reporting**
**(516) 747-9393 (718) 343-7227 (212) 581-2570**

13

J. Dash

1
2  the LLCs of Publishing and Records.

3      Q.    And where physically in your

4  office are those records kept?

5      A.    They're kept in the file cabinet

6  in my office.

7      Q.    Is that a segregated file cabinet

8  for just Black Wall Street Records and Black

9  Wall Street Publishing?

10     A.    No.   There's several files in it.

11  Several company files.

12     Q.    Is there any other place in the

13  office where Black Wall Street Records and

14  Black Wall Street Publishing documents would

15  be held?

16     A.    No.

17     Q.    Who owns Black Wall Street

18  Records?

19     A.    The owner would be Jayceon

20  Terrell Taylor.

21     Q.    Is he the sole owner?

22     A.    Yes.

23     Q.    And Black Wall Street Records is

24  an LLC?

25     A.    Yes.

14

1                          J. Dash

2        Q.    And what state is it registered

3    in?

4        A.    California.  Publishing and

5    Records is in California.

6        Q.    So both companies, Records and

7    Publishing?

8        A.    Correct.

9        Q.    So I can save my voice, do you

10   mind if we just call Black Wall Street

11   Records "Records" and Black Wall Street

12   Publishing "Publishing"?

13       A.    That's fine.

14       Q.    And is Records and Publishing

15   registered as a foreign d/b/a here in New

16   York, to your knowledge?

17       A.    No.

18       Q.    Is it registered as a foreign

19   d/b/a anywhere else in the country?

20       A.    No.

21       Q.    Going back to the documents, does

22   Records and Publishing have electronic

23   documents that are stored in your office?

24       A.    "Electronic documents" meaning?

25       Q.    Email, documents on a computer,

1

2                    CERTIFICATION

3

4

5          I, Edward Leto, a Notary Public

6   in and for the State of New York, do hereby

7   certify:

8          THAT the witness(es) whose

9   testimony is herein before set forth, was

10  duly sworn by me; and

11         THAT the within transcript is a

12  true and accurate record of the testimony

13  given by said witness(es).

14         I further certify that I am not

15  related either by blood or marriage, to any

16  of the parties to this action; and

17         THAT I am in no way interested in

18  the outcome of this matter.

19         IN WITNESS WHEREOF, I have

20  hereunto set my hand this 17th day of June,

21  2009.

22

23         ~Edward Leto~

24         ------------------------

25              EDWARD LETO

57

Executed by John D. Dash, III, on August 3, 2009.

1

John P. Dash      ERRATA SHEET

2

3          I wish to make the following changes,

4   for the following reasons:

5   PAGE LINE              Deponent does not know who filed the application

6   _52_ _5-7_ CHANGE: ~~for copyright registration for the song, "How We Do"~~

7            REASON: _Correction_ _____

                     Barnes, Morris, Klein, Mark York, Barnes and Levine

8   _16_ _11-12_ CHANGE: 200 Avenue of the Stars, 3rd Floor, Los Angeles, CA 90067

9            REASON: Insertion of requested information _____

10  ____ ___ CHANGE: _____

11            REASON: _____

12  ____ ___ CHANGE: _____

13            REASON: _____

14  ____ ___ CHANGE: _____

15            REASON: _____

16  ____ ___ CHANGE: _____

17            REASON: _____

18  ____ ___ CHANGE: _____

19            REASON: _____

20  ____ ___ CHANGE: _____

21            REASON: _____

22  ____ ___ CHANGE: _____

23            REASON: _____

24  ____ ___ CHANGE: _____

25            REASON: _____

Sworn to before me this 3rd day of August,

Mark A. Samuel

PRECISE COURT REPORTING

(516) 747-9393   (718) 343-7227   (212) 581-2570

# EXHIBIT U

JUDGE STANTON

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

## 07 CV 10601

──────────────────────────────────x

RYAN LESSEM and DOUGLAS JOHNSON

        Plaintiffs

v.

Index No. _____

JAYCEON TERRELL TAYLOR p/k/a THE
GAME, UMG RECORDINGS, INC.,
UNIVERSAL MUSIC GROUP, INC.,
INTERSCOPE RECORDS, INC., LASTRADA
ENTERTAINMENT COMPANY, LTD.,
SONY/ATV MUSIC PUBLISHING, LLC
UNIVERSAL MUSIC CORPORATION,
WARNER CHAPPELL MUSIC INC., MUSIC
OF WINDSWEPT, BLACK WALL STREET
RECORDS, LLC and BLACK WALL STREET
PUBLISHING, LLC

**Civil Complaint and Jury Demand**



──────────────────────────────────x

Plaintiffs RYAN LESSEM and DOUGLAS JOHNSON, through her undersigned

counsel, Troutman Sanders LLP, hereby complains of Defendants as follows:

### JURISDICTIONAL STATEMENT

1.  This action is brought upon, *inter alia*, claims under the Copyright Laws of the

United States, 17 U.S.C. § 101 *et. seq.*

2.  Subject matter jurisdiction is proper in this Court, pursuant to 28 U.S.C. § 1338 and

28 U.S.C. § 1367.

3.  Venue is conferred by 28 U.S.C. §§ 1391 and 1400.

### Parties

4.  Plaintiff Ryan Lessem ("Lessem") is an individual residing in the state of New York.

5.  Plaintiff Doug Johnson ("Johnson") is an individual residing in the state of California.

NEWYORK01 1254927v2 040803-000001

6.  Upon information and belief, defendant Jayceon Terrell Taylor p/k/a The Game ("Taylor") is an individual residing in the State of California.

7.  Upon information and belief defendant UMG Recordings, Inc. ("UMG") is a corporation organized and existing under the laws of the State of Delaware, with a principle place of business at 1755 Broadway, New York, New York, 10019.

8.  Upon information and belief defendant Universal Music Group, Inc. ("Universal") is a corporation organized and existing under the laws of the State of Delaware, with a principle place of business at 1755 Broadway, New York, New York, 10019.

9.  Upon information and belief defendant Interscope Records, Inc. ("Interscope") is a corporation organized and existing under the laws of the State of Delaware, with a principle place of business at 10900 Wilshire Boulevard, Suite 1230, Los Angeles, California, 90024.

10.  Upon information and belief defendant Lastrada Entertainment Company, Ltd., ("LaStrada") is a corporation organized and existing under the laws of the State of New York, with a principle place of business at 996 Watbredge Place, Hewlett Harbor, New York, 11557.

11.  Upon information and belief defendant Sony/ATV Music Publishing LLC, ("Sony/ATV") is a corporation organized and existing under the laws of the State of Delaware, with a principle place of business at 550 Madison Avenue, New York, 10022.

12.  Upon information and belief defendant Universal Music Corporation ("Universal Music") is a corporation organized and existing under the laws of the State of Delaware, with a principle place of business at 2440 Sepulveda Blvd., Suite 100, Los Angeles , Ca., 90064.

13.     Upon information and belief defendant Warner Chappell Music Inc ("Warner Chappell") is a corporation organized and existing under the laws of the State of Delaware, with a principle place of business at 10585 Santa Monica Blvd, Los Angeles, Ca., 90025.

14.     Upon information and belief defendant Music Of Windswept ("Windswept") is a corporation organized and existing under the laws of the State of Delaware, with a principle place of business at 9320 Wilshire Blvd., # 200, Beverly Hills, California, 90212.

15.     Upon information and belief defendant Black Wall Street Publishing, LLC ("BWSP") is a corporation organized and existing under the laws of the State of California, with a principle place of business at 60 East 42nd Street, Suite 1523, New York, New York 10165.

16.     Upon information and belief defendant Black Wall Street Records, LLC ("BWSR") is a corporation organized and existing under the laws of the State of California, with a principle place of business at 1424 Second Street, Third Floor, Santa Monica, California 90401.

17.     Upon information and belief, UMG, Universal, Interscope, LaStrada and Sony/ATV all are registered to do business in this judicial district.  Upon information and belief, Taylor, UMG, Universal, Interscope, LaStrada and Sony/ATV UMG (collectively, "Defendants") all transact substantial business in this judicial district and receive significant economic and other benefits with this judicial district.

<u>Background</u>

18.    In or about 2002 Lessam and Johnson ("Plaintiffs") wrote the musical composition "Elevator" (the "Composition").

19.    In or about 2002 Plaintiffs recorded the Composition.

20.    On or about May 3, 2002, Plaintiffs registered with the United States Copyright Office the Composition, as well as other works, attaining U.S. Copyright Registration No. SRu-466-925.

AS AND FOR A FIRST CAUSE OF ACTION:<br><u>Copyright Infringement</u>

21.    Plaintiffs reallege and incorporate herein by reference, to the extent applicable, each and every allegation contained hereinabove.

22.    This claim arises under 17 U.S.C. § 101 *et seq.*

23.    Upon information and belief, on or about January 18, 2005, UMG, Universal and Interscope released the album titled "The Documentary," featuring recordings performed by Taylor.

24.    Upon information and belief, the album The Documentary includes a recording of the composition *How We Do.*

25.    Upon information and belief, Taylor recorded *How We Do.*

26.    Upon information and belief, the recording *How We Do* also was released as a single by, on behalf of and/or for the benefit of Universal, UMG, Interscope and Taylor.

27.    Upon information and belief, the album The Documentary continues to be, commercially sold, distributed and exploited throughout the United States and the world by and/or for the benefit of Universal, UMG, Interscope and Taylor.

28.   Upon information and belief, defendants Taylor, LaStrada and Sony/ATV control the composition *How We Do*.

29.   Upon information and belief, defendants Taylor, LaStrada and Sony/ATV have exploited and authorized third parties to exploit the composition *How We Do*.

30.   Upon information and belief, a qualitatively significant portion of *How We Do* is appropriated from the Composition.

31.   Upon information and belief, *How We Do* is a derivative work based upon the Composition.

32.   Upon information and belief, *How We Do* is substantially similar to the Composition.

33.   Upon information and belief, there is fragmented literal similarity between *How We Do* and the Composition.

34.   Upon information and belief, the album The Documentary is manufactured, distributed, and sold by, at the direction of and/or for the benefit of UMG, Universal, Interscope and Taylor.

35.   Upon information and belief, inclusion of *How We Do* on the album The Documentary is authorized by Taylor, LaStrada and Sony/ATV.

36.   Upon information and belief, Defendants never obtained, or sought to obtain, permission from Plaintiffs to use, reproduce, make a derivative work based upon or otherwise exploit the Composition.

37.   Upon information and belief, Defendants have authorized and collected income from the public performance of *How We Do*.

38.   Upon information and belief, Defendants have authorized third parties to use *How We Do* in various mediums and forms, including in timed synchronization to visual images.

39.   Upon information and belief, since at least 2006, Defendants have been aware of Plaintiffs' claim that *How We Do* is a derivative work based upon the Composition.

40.   Upon information and belief, in 2006, representatives of Taylor admitted that *How We Do* is a derivative work based upon the Composition, and sought to attain a settlement with Plaintiffs. However, after initial discussions, said Taylor's representatives ceased responding to communications.

41.   Upon information and belief, Plaintiffs been harmed by the continued infringement and abridgment by Defendants of Plaintiffs' copyrights in and to the Composition.

42.   Upon information and belief, Defendants are likely to continue infringing Plaintiffs' copyrights in and to the Composition unless they are enjoined from further infringement.

43.   Upon information and belief, the infringing acts of Defendants are, and if continued hereafter will continue to be, committed willfully.

<u>Prayer for Relief</u>

WHEREFORE, plaintiffs pray for relief its First Cause of Action, and respectfully request that the Court:

(a)     enjoin defendants, their agents, servants, employees, and affiliates from interfering with and/or infringing the copyright-in-suit;

(b)     require defendants, their agents, servants, employees, affiliates, licensees and assignees to account for all sums collected as a result of manufacturing, distributing, selling and/or otherwise exploiting the musical composition *How We Do*, the sound recording *How We Do*, and/or the album *The Documentary* in any manner;

(c)     award plaintiffs damages pursuant to 17 U.S.C. § 504;

(d)     award plaintiffs full costs and attorneys fees for this action pursuant to 17 U.S.C § 505; and

(e)     award plaintiff any further relief as justice may require, or as this Court deems necessary.

## DEMAND FOR A JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable.

Respectfully submitted,

TROUTMAN SANDERS LLP

Dated:     November 27, 2007
           New York, New York

By: _____
        Oren J. Warshavsky
The Chrysler Building
405 Lexington Avenue
New York, New York 10174
Telephone: (212) 704-6213
Facsimile: (212) 704-8356
e-mail: Oren.Warshavsky@troutmansanders.com

*Attorneys for Plaintiffs*

# EXHIBIT V

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RYAN LESSEM and DOUGLAS JOHNSON,<br><br>    Plaintiffs,<br><br>    v.<br><br>JAYCEON TERRELL TAYLOR p/k/a THE GAME, UMG RECORDINGS, INC., UNIVERSAL MUSIC GROUP, INC., INTERSCOPE RECORDS, INC., LASTRADA ENTERTAINMENT COMPANY, LTD., SONY/ATV MUSIC PUBLISHING, LLC, UNIVERSAL MUSIC CORPORATION, WARNER CHAPPELL MUSIC INC., MUSIC OF WINDSWEPT, BLACK WALL STREET RECORDS, LLC and BLACK WALL STREET PUBLISHING, LLC,<br><br>    Defendants. | CASE NO. 07 CV-10601<br><br><br>**ANSWER TO THE COMPLAINT BY WINDSWEPT HOLDINGS, LLC d/b/a MUSIC OF WINDSWEPT** |

Defendant Windswept Holdings, LLC, d/b/a Music of Windswept (sued incorrectly as Music of Windswept) ("Windswept") submits the following answer to the Complaint. With respect to the allegations set forth in the Complaint Windswept:

1.    States that Paragraph 1 of the Complaint sets forth legal conclusions that do not require a response. To the extent that Paragraph 1 sets forth any factual allegations, Windswept denies those allegations.

2.    States that Paragraph 2 of the Complaint sets forth legal conclusions that do not require a response, except admits that the Plaintiffs contend that the jurisdiction of the Court is proper.

3.    States that Paragraph 3 of the Complaint sets forth legal conclusions that do not require a response, except admits that the Plaintiffs contend that venue in this Court is proper.

4.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 4 of the Complaint.

5.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 5 of the Complaint.

6.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 6 of the Complaint except admits, upon information and belief, that Jayceon Taylor p/k/a The Game is an individual.

7.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 7 of the Complaint.

8.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 8 of the Complaint.

9.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 9 of the Complaint.

10.     Denies  knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 10 of the Complaint.

11.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 11 of the Complaint.

12.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 12 of the Complaint.

13.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 13 of the Complaint.

2

14.     Denies the allegations set forth in Paragraph 14 of the Complaint except admits that Windswept Holdings, LLC is a California limited liability corporation, which does business as Music of Windswept, with its principal place of business located at 7750 Sunset Blvd., Los Angeles, CA 90046.

15.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 15 of the Complaint.

16.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 16 of the Complaint.

17.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 17 of the Complaint.

18.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 18 of the Complaint.

19.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 19 of the Complaint.

20.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 20 of the Complaint except admits that Plaintiffs purport to have obtained a copyright registration from the U.S. Copyright Office.

21.     In response to Paragraph 21 of the Complaint, repeats and realleges its responses to Paragraphs 1-20 as if fully set forth herein.

22.     States that Paragraph 22 of the Complaint sets forth legal conclusions that do not require a response. To the extent that Paragraph 22 sets forth any factual allegations, Windswept denies those allegations.

3

23.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 23 except admits, upon information and belief, that an album of recorded music entitled "The Game: The Documentary," containing the recorded performances of the artist Jayceon Taylor, p/k/a "The Game," was released on the Interscope record label in 2005.

24.     Admits, upon information and belief,  the allegations set forth in Paragraph 24 of the Complaint.

25.     Admits, upon information and belief, the allegations set forth in Paragraph 25 of the Complaint.

26.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 26 of the Complaint.

27.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 27 of the Complaint, except admits, upon information and belief, that the album "The Documentary" continues to be sold.

28.     Denies the allegations set forth in Paragraph 28 of the Complaint.

29.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 29 of the Complaint.

30.     Denies the allegations set forth in Paragraph 30 of the Complaint.

31.     Denies the allegations set forth in Paragraph 31 of the Complaint.

32.     Denies the allegations set forth in Paragraph 32 of the Complaint.

33.     Denies the allegations set forth in Paragraph 33 of the Complaint.

4

34.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 34 of the Complaint.

35.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 35 of the Complaint.

36.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 36 of the Complaint as they relate to the other Defendants, except admits that Windswept did not seek permission from Plaintiffs to use any of Plaintiffs' material and avers that no such permission was necessary.

37.     Denies knowledge or information as to the truth of the allegations set forth in Paragraph 37 of the Complaint, except admits that Windswept receives publishing income from the exploitation of "How We Do."

38.     Admits the allegations set forth in Paragraph 38 of the Complaint.

39.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 39 of the Complaint.

40.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 40 of the Complaint, except denies the allegation that "How We Do" is derivative of the Plaintiffs' composition.

41.     Denies the allegations set forth in Paragraph 41 of the Complaint.

42.     Denies the allegations set forth in Paragraph 42 of the Complaint.

43.     Denies the allegations set forth in Paragraph 43 of the Complaint.

1812078.3

## AFFIRMATIVE AND OTHER DEFENSES

### FIRST DEFENSE

44.     The Complaint and all purported claims for relief therein fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

45.     Plaintiffs' Complaint and any claim therein is barred, precluded, and /or limited by the statute of limitations.

### THIRD DEFENSE

46.     Plaintiffs have no standing to assert their Complaint and any claim therein.

### FOURTH DEFENSE

47.     The alleged copyrighted work that is the subject of this Complaint consists of material that is neither original to Plaintiffs nor protectible copyrightable subject matter.

### FIFTH DEFENSE

48.     Plaintiffs' Complaint and any claims therein are barred, precluded, and or limited by the doctrines of waiver, laches, and estoppel.

### SIXTH DEFENSE

49.     Plaintiffs' Complaint and any claims therein are barred, precluded, and/or limited to the extent any alleged use of Plaintiffs' copyrightable material constitutes fair use or *de minimis* use.

### SEVENTH DEFENSE

50.     Plaintiffs' alleged damages, if any, are due solely to acts and omissions that are not those of and are independent from Windswept.

6

1812078.3

## EIGHTH DEFENSE

51.  Plaintiffs have failed to mitigate any alleged damages.

## NINTH DEFENSE

52.  Plaintiffs' Complaint and any claims therein are barred by the doctrines of acquiescence and unclean hands.

## TENTH DEFENSE

53.  The composition and recording of "How We Do" were independently created without reference to Plaintiffs' alleged copyrighted work.

## ELEVENTH DEFENSE

54.  Any similarity between the two compositions is the result of coincidence and/or the use of common or trite ideas.

## TWELFTH DEFENSE

55.  Plaintiffs have not stated any claim for willful infringement and none exists.

WHEREFORE, Windswept respectfully submits that the Complaint should be dismissed and that judgment should be entered in its favor, and that it be awarded its costs, including reasonable attorney's fees incurred in the defense of this action pursuant to 17 U.S.C. Section 505.

7

Dated:  New York, New York
       April 30, 2008

MITCHELL SILBERBERG & KNUPP LLP

By: _Christine Lepera_

Christine Lepera
12 East 49th Street, 30th Floor
New York, New York 10017-1028
Telephone: (212) 509-3900
Facsimile: (212) 509-7239

*Attorneys for Defendants UMG
Recordings, Inc., Interscope Records, a
division of UMG Recordings, Universal
Music Publishing Group, Inc., and
Windswept Holdings, LLC d/b/a Music
of Windswept*

8

1812078.3

# EXHIBIT W

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X Judge Stanton
RYAN LESSEM and DOUGLAS JOHNSON,                    Case No. 07-CV-10601

       Plaintiffs,

       v.                                                                            <u>ANSWER</u>

JAYCEON TERREL TAYLOR p/k/a THE
GAME, UMG RECORDINGS, INC.,
UNIVERSAL MUSIC GROUP, INC.,
INTERSCOPE RECORDS, INC., LASTRADA
ENTERTAINMENT COMPANY, LTD.,
SONY/ATV MUSIC PUBLISHING, LLC,
UNIVERSAL MUSIC CORPORATION,
WARNER CHAPPEL MUSIC INC., MUSIC
OF WINDSWEPT, BLACK WALL STREET
RECORDS, LLC and BLACK WALL
STREET PUBLISHING, LLC,

       Defendants.
-----------------------------------------------------------------------X

       Defendants, Black Wall Street Records, LLC and Black Wall Street Publishing, LLC

(collectively, the "Black Wall Street Defendants") by their attorney, Mark A. Samuel, P.C., as

and for an answer to the Civil Complaint ("Complaint"), respond and allege as follows:

1. Paragraph "1" of the Complaint sets forth legal conclusions that do not require a

    response.  To the extent that Paragraph "1" sets forth any factual allegations, the Black

    Wall Street Defendants deny those allegations.

2. Paragraph "2" of the Complaint sets forth legal conclusions that do not require a

    response, except the Black Wall Street Defendants admit that the Plaintiffs contend that

    the jurisdiction of the Court is proper.

3.  Paragraph "3" of the Complaint sets forth legal conclusions that do not require a response, except the Black Wall Street Defendants admit that the Plaintiffs contend that venue in this Court is proper.

4.  The Black Wall Street Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "4" of the Complaint.

5.  The Black Wall Street Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "5" of the Complaint.

6.  The Black Wall Street Defendants admit the allegations contained in Paragraph "6" of the Complaint.

7.  The Black Wall Street Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "7" of the Complaint.

8.  The Black Wall Street Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "8" of the Complaint.

9.  The Black Wall Street Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "9" of the Complaint.

10. The Black Wall Street Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "10" of the Complaint.

11. The Black Wall Street Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "11" of the Complaint.

12. The Black Wall Street Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "12" of the Complaint.

13. The Black Wall Street Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "13" of the Complaint.

14. The Black Wall Street Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "14"of the Complaint.

15. Defendant Black Wall Street Publishing, LLC denies the allegations contained in Paragraph "15" of the Complaint.

16. Defendant Black Wall Street Records, LLC denies the allegations contained in Paragraph "16" of the Complaint.

17. The Black Wall Street Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "17" of the Complaint.

18. The Black Wall Street Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "18" of the Complaint.

19. The Black Wall Street Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "19" of the Complaint.

20. The Black Wall Street Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "20" of the Complaint, except the Black Wall Street Defendants admit that Plaintiffs purport to have obtained a copyright registration on or about May 3, 2002.

21. The Black Wall Street Defendants repeat and reallege their responses to Paragraphs 1-20 as if fully set forth at length herein.

22. Paragraph "22" of the Complaint sets forth legal conclusions that do not require a response. To the extent that Paragraph "22" sets forth any factual allegations, the Black Wall Street Defendants deny those allegations.

23. The Black Wall Street Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "23" of the Complaint,

3

except the Black Wall Street Defendants admit that in January 2005 UMG, through its division Interscope Records, released an album of recorded music entitled "The Game: The Documentary," containing the recorded performances of Jayceon Terrell Taylor, p/k/a "The Game."

24. The Black Wall Street Defendants admit the allegations contained in Paragraph "24" of the Complaint.

25. The Black Wall Street Defendants admit the allegations contained in Paragraph "25" of the Complaint.

26. The Black Wall Street Defendants deny the allegations contained in Paragraphs "26" of the Complaint, except the Black Wall Street Defendants admit that a recording of the composition entitled "How We Do" from the album "The Documentary" was released by UMG, through its division Interscope Records, in or about February 2005.

27. The Black Wall Street Defendants deny the allegations contained in paragraphs "27" of the Complaint, except the Black Wall Street Defendants admit that the album "The Documentary" has been sold and continues to be sold by UMG, through its division, Interscope Records, in the United States and elsewhere.

28. The Black Wall Street Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "28" of the Complaint.

29. The Black Wall Street Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "29" of the Complaint.

30. The Black Wall Street Defendants deny the allegations contained in paragraphs "30" of the Complaint.

31. The Black Wall Street Defendants deny the allegations contained in Paragraph "31" of the Complaint.

32. The Black Wall Street Defendants deny the allegations contained in Paragraph "32" of the Complaint.

33. The Black Wall Street Defendants deny the allegations contained in Paragraph "33" of the Complaint.

34. The Black Wall Street Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "34" of the Complaint.

35. The Black Wall Street Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "35" of the Complaint.

36. Black Wall Street Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "36"of the Complaint as they pertain to the other Defendants, except the Black Wall Street Defendants admit that the Black Wall Street Defendants never obtained nor sought to obtain permission from Plaintiffs to use, reproduce, or make a derivative work based upon or otherwise exploit the Composition and contend that no such permission was necessary.

37. The Black Wall Street Defendants deny the allegations contained in Paragraph "37" of the Complaint.

38. The Black Wall Street Defendants deny the allegations contained in Paragraph "38" of the Complaint.

39. The Black Wall Street Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "39" of the Complaint.

5

40. The Black Wall Street Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "40" of the Complaint.

41. The Black Wall Street Defendants deny the allegations contained in Paragraph "41" of the Complaint.

42. The Black Wall Street Defendants deny the allegations contained in Paragraph "42" of the Complaint.

43. The Black Wall Street Defendants deny the allegations contained in Paragraph "43" of the Complaint.

<u>AFFIRMATIVE AND OTHER DEFENSES</u>

<u>FIRST DEFENSE</u>

44. The Complaint fails to state a claim upon which relief can be granted.

<u>SECOND DEFENSE</u>

45. Plaintiffs' Complaint and any claims therein are barred, precluded and/or limited by the applicable statute of limitations.

<u>THIRD DEFENSE</u>

46. Plaintiffs' Complaint and any claims therein are barred, precluded, and/or limited by the doctrines of waiver, laches and estoppel.

<u>FOURTH DEFENSE</u>

47. Plaintiffs' Complaint and any claims therein are barred by the doctrines of acquiescence and unclean hands.

<u>FIFTH DEFENSE</u>

48. Plaintiffs lack standing to assert the claims set forth in their Complaint.

## SIXTH DEFENSE

49. The alleged copyrighted work that is the subject of the Complaint consists of material that is neither original to Plaintiffs nor protectable, copyrightable subject matter.

## SEVENTH DEFENSE

50. Plaintiffs' Complaint and any claims therein are barred, precluded, and/or limited to the extent any alleged use of Plaintiffs' copyrightable material constitutes fair use or *de minimis* use.

## EIGHTH DEFENSE

51. Plaintiffs' alleged damages, if any, are due solely to acts and omissions that are not those of and are independent from the Black Wall Street Defendants.

## NINTH DEFENSE

52. Plaintiffs' have failed to mitigate alleged damages, if any.

## TENTH DEFENSE

53. The composition and recording of "How We Do" were independently created without reference to Plaintiffs' alleged copyrighted work.

## EVELENTH DEFENSE

54. Plaintiffs have not stated any claim for willful infringement and none exists.

WHEREFORE, the Black Wall Street Defendants respectfully submit that the Complaint

should be dismissed and that judgment should be entered in their favor and they be awarded

their costs, including reasonable attorney's fees incurred in the defense of this action

pursuant to 17 U.S.C. Section 505.

Dated:  New York, New York
        March 25, 2009

                                        MARK A. SAMUEL, P.C.

                            By:     s/   Mark A. Samuel
                                    Mark A. Samuel, Esq.
                                    60 East 42nd Street, Suite 1101
                                    New York, New York 10165
                                    Phone: (212) 856-9101
                                    Fax: (212) 856-9103
                                    E-mail: mas@msamuelpc.com

                                    *Attorneys for Defendants Black Wall Street
                                    Records, LLC and Black Wall Street
                                    Publishing, LLC*

8

# EXHIBIT X

▯ORIGINAL

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 7/4/08

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RYAN LESSEM and DOUGLAS JOHNSON,

Plaintiffs,

v.

JAYCEON TERRELL TAYLOR p/k/a THE
GAME, et al.,

Defendants.

CASE NO. 07-CV-10601

**SCHEDULING ORDER**

On April 4, 2008, upon notice, an Initial Case Management Conference was held before the undersigned.

1.  **Appearances.** The following individuals appeared at the conference:

Oren J. Warshavsky
Troutman Sanders LLP

Counsel to Plaintiffs

Christine Lepera, P.C.
Mitchell Silberberg & Knupp LLP

Counsel to Named Defendants Windswept Holdings, LLC, d/b/a Music of Windswept (sued incorrectly as Music Of Windswept), UMG Recordings, Inc., Interscope Records, a Division of UMG Recordings, Inc. (sued incorrectly as Interscope Records, Inc.) and Universal Music Publishing Group, Inc. (sued incorrectly as Universal Music Group Inc. and Universal Music Corporation)

2.  **Concise Statement of Issues.** This is a case of alleged copyright infringement. Plaintiffs' claim that they authored a composition entitled "Elevator," which is allegedly infringed by Defendants' claimed exploitation of a composition entitled "How We Do," entitling Plaintiffs to alleged damages. None of the Defendants' time to respond to the complaint has expired, and Plaintiffs have yet to serve certain of the named Defendants. The liability issues to be determined are whether plaintiffs have a valid copyright in the composition "Elevator" which allegedly predates the creation of "How We Do"; whether Defendants' "copied" protectible expression from that composition, which requires Plaintiffs to prove that Defendants had access to Plaintiffs' composition "How We Do" and that there are similarities probative of copying between the two compositions, and that the two compositions are substantially similar resulting in wrongful misappropriation of protectible expression. By way of defense, Defendants, among other things, may establish that the composition "How We Do" was independently created without reference to the Plaintiffs' work. Separate from the liability issues, any damages may be

determined by evidence as to what portion, if any of Defendants' profits are attributable to any infringement, which includes among other things evidence as to the allocation and apportionment of those profits.

3.   **Scheduling:**

a.   **Liability Depositions.** Plaintiffs anticipate that it will need at least one deposition of each defendant. ( although defendants reserve the right to challenge multiple depositions of a single party defendant.) Defendants will seek a deposition of each plaintiff. The parties may seek third party depositions of individuals who may be identified as having knowledge or information as to the creation of the two compositions at issue, or alleged access by defendants to the Plaintiffs' composition. The parties anticipate conducting depositions after documents have been exchanged.

b.   **Production of Liability Documents and Initial Disclosures.** Plaintiffs and Defendants served shall make their initial disclosures by **May 15, 2008.** A party's first request for production of liability documents must be served by **May 30, 2008.** Further liability document requests and interrogatories may be served until **August 1, 2008.**

c.   **Experts.** Plaintiffs' liability expert report(s) shall be served by **August 15, 2008**, and Defendants' liability expert report(s) shall be served by **October 1, 2008.** To the extent that Defendants' liability expert report raises issues not raised by Plaintiffs' expert report, Plaintiffs may submit a rebuttal expert report, which shall be served on or before **October 17, 2008.*** All liability expert depositions shall be completed by **November 20, 2008.** All liability fact and expert discovery shall be completed by **November 20, 2008.**

d.   **Dispositive motions:** ~~Either party may move for summary judgment.~~ Any such motion shall be made no later than **December 31, 2008.** It is the parties' intent to reduce resources by employing experts on the issue of damages, and conducting expert discovery on the issue of damages only after the parties move, or decide to refrain from moving for summary judgment. Accordingly, following a determination on such a motion, in the event the case proceeds, or in the event no motion is made at the conclusion of liability discovery, the parties will complete any remaining damages discovery, including expert discovery on the issue of damages only, within **90 days** of the order on the motion, or by **April 30, 2009**, as applicable, and the parties shall work out a schedule as to the exchange of damages expert reports in the same order as the liability reports. Plaintiffs will submit a proposed pre-trial order to Defendants **30 days** after the conclusion of damages fact and expert discovery.

*LLS*

2

* If Plaintiffs' expert offers new bases for or further bases for his opinions or identifies new information in the rebuttal, Defendants' expert shall be permitted a rebuttal report by November 5, 2008.

e.     Within **30 days** thereafter, the parties will submit a joint pre-trial order in a form conforming to the Court's instructions together with trial briefs and: (1) proposed findings of fact and conclusions of law for a non jury trial, or (2) proposed voir dire questions and proposed jury instructions for a jury trial.

f.     The final pre-trial conference pursuant to Fed. R. Civ. P. 16(d) shall be set by the Court at a status conference held at the conclusion of liability dicovery, and that status conference will be set at ___ 11⁷⁰ A M ___ at _____ ~~am/pm.~~ Friday December 5, 2008    *LLS*

4.    **Discovery Limitations.** To the extent that any of the parties believe that the exchange of confidential information will occur, the parties shall request the Court to enter a jointly approved protective order.

5.    **Areas of Discovery Disputes.** At this time, the parties are unaware of any potential discovery disputes.

6.    **Anticipated Areas of Expert Testimony.** The parties expect that expert testimony will be proffered on the issues of copyright infringement (i.e. substantial similarity) and damages.

7.    **Anticipated Length of Trial** The Plaintiffs have requested a jury trial. The anticipated length of the trial is one week.

8.    This Scheduling Order may be altered or amended upon the service/appearance of other defendants or on a showing of good cause not foreseeable at the time of the conference or when justice so requires.

9.    **Signatures of Counsel.**

Oren J. Warshavsky            Christine Lepera, P.C.
Troutman Sanders LLP         Mitchell Silberberg & Knupp LLP

Counsel to Plaintiffs             Counsel to Defendants Windswept Holdings, LLC, d/b/a Music of Windswept (sued incorrectly as Music Of Windswept), UMG Recordings, Inc., Interscope Records, a Division of UMG Recordings, Inc. (sued incorrectly as Interscope Records, Inc.) and Universal Music Publishing Group, Inc. (sued incorrectly as Universal Music Group Inc. and Universal Music Corporation)

3

SO ORDERED:

Dated: New York, New York
        April 4, 2008

_Louis L. Stanton_
Louis J. Stanton
U.S.D.J.

4

# EXHIBIT Y

Dept. of Music & Music Management
William Paterson University
300 Pompton Hills Road
Wayne, NJ 07470

November 4, 2008

Mr. Jeffrey B. Gandel
Royalty Recovery, Inc.
160 East 88th Street
Suite 16B
New York, NY 10128

Dear Mr. Gandel;

Thank you for contacting me re the two songs, "Elevator," by plaintiffs Ryan Lessem and Douglas Johnson [LESSEM], and "How We Do," by Jayceon Terrell Taylor p/k/a The Game [TAYLOR] both of which are on the CD enclosed with this letter.   You asked for my initial reaction to any similarities between the songs.

What follows is my preliminary report comparing LESSEM and TAYLOR.

---

**BOTTOM LINE:**   "How We Do," by TAYLOR is substantially similar to "Elevator," by LESSEM.  This similarity is especially significant because it involves the intentional copying of the most important part of the chorus.   This copied part is the most original, copyrightable, and recognizable part of both songs, the lyric, "this is how we do." Furthermore, this unusual lyric is expressed with the identical very unusual rhythm consisting of the last five (5) quarter notes of two quarter note triplets, at the identical tempo, the identical location (the beginning of the chorus), and four (4) times consecutively throughout the chorus.  I know of no other songs with a lyric expressed in such an exact manner.  This could only have occurred through conscious and intentional copying.

# A N A L Y S I S

1.   I have been asked to prepare a comparative musicological analysis between two songs with regard to whether there is any infringement of copyright, and to offer my professional opinion as to the extent, if any, of their similarity.

2. To perform the work necessary to answer the question of copyright infringement in this case:

    a. I listened to and analyzed TAYLOR and LESSEM;

    b. I conducted a prior musical sources search using my computer database containing the chord progressions and other musical aspects of more than 13,000 songs. I did this to determine the significance of any musical and lyrical elements common to both songs, and to place these two songs within the context of popular and hip hop music. The songs contained in this database are from numerous musical styles including popular music, rock, country, jazz, rhythm & blues, blues, soul, hip hop, classical, contemporary classical and world music styles. I compiled this database over the course of 32 years and not in preparation for conducting a prior and contemporary musical sources search for my opinion in this matter. I have personally transcribed and analyzed all of the songs contained in this database.

3. My methodology for comparative musicological analysis is to examine the style, subject matter, tempo, structure, tonality, form, harmony, melody, lyrics and rhyme scheme of each song in question and compare and evaluate the songs with careful consideration of prior and contemporary musical sources. (I define "prior musical source" as music that has been composed prior to LESSEM and TAYLOR. I define "contemporary musical source" as music that has been composed at the same time or after LESSEM and TAYLOR. Prior and contemporary musical sources are used to assist in determining the originality and copyright protectability of the musical, lyrical and structural elements in this matter.)

4. In my opinion, TAYLOR is substantially similar to LESSEM. As indicated above, this conclusion is based upon my careful analysis and transcription of the music and lyrics of TAYLOR and LESSEM, and my search for prior and contemporary musical sources.

## 1. STYLE

1. TAYLOR and LESSEM are both songs in a contemporary hip hop style.

2. The sounds and instrumentation/production are similar but LESSEM uses electronic voice modification and TAYLOR does not.

## 2. TEMPO

1. There are 99 beats per minute in LESSEM.

2. There are 99 beats per minute in TAYLOR.

3. LESSEM and TAYLOR are identical in tempo.

### 3. METER

1.   LESSEM is in 4/4 time.

2.   TAYLOR is in 4/4 time.

3.   LESSEM and TAYLOR are identical in meter.

### 4. PITCH CENTER

1.   LESSEM is centered around the pitch-class, E flat.

2.   TAYLOR is centered around the pitch-class, E natural.

### 5.   LYRICS

1.   The most important phrase of the lyrics of LESSEM is, "this is how we do."

2.   The most important phrase of the lyrics of TAYLOR is, "this is how we do."

3.   In LESSEM, "this is how we do," is featured at the beginning of each chorus.

4.   In TAYLOR, "this is how we do," is featured at the beginning of each chorus.

5.   The phrase, "this is how we do," is original and uncommon as a lyric.

6.   It is especially noteworthy that this original and uncommon lyric would occur at the same place – the beginning of the chorus - with the same rhythm and at the same tempo.

### 6.   THE MOTIVE

1.   The motive is the most important and most recognizable element in a musical composition.

2.   The motive (The Motive), per this analysis of LESSEM and TAYLOR, consists of a specific lyric combined with a specific rhythm.

3.   The Motive in LESSEM consists of the lyric, "this is how we do," sung to a specific five-note pattern consisting of the last five (5) quarter notes of two quarter note triplets.

4.   The Motive in TAYLOR consists of the lyric, "this is how we do," sung to a specific five-note pattern consisting of the last five (5) quarter notes of two quarter note triplets.

5.   In LESSEM, The Motive occurs at the beginning of the chorus.

6.   In TAYLOR, The Motive occurs at the beginning of the chorus.

7.   In LESSEM, The Motive occurs four (4) times in each chorus.

8.   In TAYLOR, The Motive occurs four (4) times in each chorus.

9.   In LESSEM, The Motive is enhanced by means of a machine-like electronic vocal modification on, "this is how we do."

10.  In TAYLOR, The Motive is enhanced by the addition of a five-note melody sung on the pitches, "8-8-5-5-b6."

11.  In TAYLOR but not LESSEM, The Motive also occurs even more frequently as a five-note instrumental motive (The Motive instr.) played on a keyboard.


7.   **STRUCTURE**

1.   LESSEM consists of 3 verses, 3 choruses, 3 pre-choruses, an intro and a concluding section.

2.   TAYLOR consists of 2 verses, 2 choruses, an intro and a concluding section.

3.   The structure of LESSEM is represented below in minutes and seconds:

|               |           |
|---------------|-----------|
| intro:        | 0.00-0.14 |
| verse 1:      | 0.15-0.52 |
| pre-chorus 1: | 0.53-1.05 |
| chorus 1:     | 1.06-1.23 |
| verse 2:      | 1.23-2.01 |
| pre-chorus 2: | 2.02-2.14 |
| chorus 2:     | 2.14-2.31 |
| verse 3:      | 2.32-3.09 |
| pre-chorus 3: | 3.10-3.22 |
| chorus 3:     | 3.23-3.40 |
| ending:       | 3.40-3.50 |

4.   The structure of TAYLOR is represented below in minutes and seconds:

|           |           |
|-----------|-----------|
| intro:    | 0.00-0.23 |
| chorus 1: | 0.24-0.43 |
| verse 1:  | 0.44-2.01 |
| chorus 2: | 2.02-2.21 |
| verse 2:  | 2.22-3.22 |
| ending:   | 3.23-3.55 |

5.   IN LESSEM, The Motive is heard twelve (12) times (four times in each chorus) at the following places:

| Chorus 1: | 1.06, 1.10, 1.15, 1.20 |
| Chorus 2: | 2.14, 2.19, 2.24, 2.29 |
| Chorus 3: | 3.23, 3.27, 3.32, 3.37 |

6.   In TAYLOR, The Motive is heard eight (8) times (four times in each chorus) at the following places:

| Chorus 1: | 0.24, 0.29, 0.34, 0.39 |
| Chorus 2: | 2.02, 2.07, 2.12, 2.17 |

7.   In TAYLOR, the chorus is first stated as The Motive instr.

8.   In TAYLOR, the Motive instr. is heard forty-seven (47) times throughout the entire song at the following places:

> 0.05, 0.09, 0.14, 0.19
> 0.24, 0.29, 0.34, 0.39
> 0.44, 0.49, 0.53, 0.58
> 1.03, 1.08, 1.13, 1.18
> 1.22, 1.27, 1.32, 1.38
> 1.43, 1.47, 1.52, 1.57
> 2.02, 2.07, 2.12, 2.17
> 2.22, 2.26, 2.31, 2.36
> 2.41, 2.46, 2.51, 2.56
> 3.01, 3.06, 3.10, 3.16
> 3.20, 3.25, 3.30, 3.35
> 3.40, 3.45, 3.40

9.   Because of the prominence of The Motive and The Motive instr. throughout TAYLOR - The Motive is stated eight (8) times and the Motive instr. forty-seven (47) times – the substantial similarity between LESSEM and TAYLOR is enhanced.

## 8.   PERFORMANCE

1.   In my opinion, TAYLOR listened to and rapped over the tracks of LESSEM.  I know of no other pair of songs that are identical with respect to an identical five-word chorus, performed at the identical tempo, with the identical unusual rhythm and in the same section of the chorus.

2.   For the reasons stated above, it is my opinion that TAYLOR and LESSEM are substantially similar.

Based upon the aforesaid, my work in intellectual property matters, and my (forty-two) 42 years experience as a professional musician, it is obvious to me that TAYLOR and LESSEM are substantially similar, and that TAYLOR consciously and intentionally copied the most original, copyrightable and significant expression in LESSEM.

I can provide additional technical information and elaborate on my previous observations regarding the songs in question.  I am willing to answer any questions you might have regarding my analysis and conclusions.

Lastly I have annexed my Curriculum Vitale to this letter as Exhibit "A" which details experience in the music industry and includes a list of all publications I have authored in the previous ten years.  Additionally, my Curriculum Vitale lists the many copyright issues I have worked on as either an expert witness or a consultant, however I have not testified as an expert witness at trial or by deposition during for the past four years.  I have also attached a comprehensive list of lectures I have given, which is attached to this letter as Exhibit "B."

As previously discussed I will be compensated at the rate of $400 per hour for preparing this report and should I be called to testify at trial I will be compensated at a rate of $4,500 per day.

Thank you for your time.

Sincerely,

Dr. E.  Michael Harrington
Professor of Music and Music Management
William Paterson University
300 Pompton Hills Road
Wayne, NJ 07470

harringtone@wpunj.edu
emh2625@gmail.com

862-200-5755 home
973-720-2337 office
615-293-7455 cell